IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABDUL WAKIL CYEEF-DIN, and
QUAN TRAN,

    Plaintiffs,

vs.                                                1:21-cv-00133-JFR-LF

NICHOLAS ONKEN, RIO RANCHO POLICE
DEPARTMENT LIEUTENANT; JAMES LA PORTE,
RIO RANCHO POLICE DEPARTMENT SERGEANT; AND
AARON BROWN, AARON BRICK, LANCE ROMERO,
BRIAN MARTINEZ, JONATHAN HICKERSON,
ARION HAYES, DYLAN GLENN, JASON FLEMING, AND
PATRICK ROBERSON, RIO RANCHO POLICE DEPARTMENT
OFFICERS,

    Defendants.

## ORDER GRANTING DEFENDANT'S OPPOSED MOTION FOR STAY

THIS MATTER comes before the Court on Defendants' Opposed Motion for Stay, filed on October 1, 2021. Doc. 29. Defendants ask the Court to stay discovery until the Court rules on Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds (Doc. 28). *Id*. at 1. On October 28, 2021, plaintiffs filed Plaintiff's [sic] Motion for Discovery Under FED. R. CIV. PRO. 56(d) in Lieu of a Response to Defendants' Motion for Summary Judgment [Doc. 28] and Motion to Stay Discovery [Doc. 29]. Doc. 31. In this motion, plaintiffs asserted that they needed discovery in order to respond to the defendants' motion for summary judgment. *Id*. On December 6, 2021, Judge Robbenhaar denied plaintiffs' motion. Doc. 35. Having reviewed the briefing, and the relevant law, the Court finds that a general stay of discovery is appropriate based on defendants' assertion of qualified immunity.

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  The Supreme Court repeatedly has emphasized the importance of resolving the issue of qualified immunity early on in the litigation.  *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)).  The defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and the Court recognizes that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity."  *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted).

Whether an official is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutional rights of which a reasonable official would have been aware.  *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014) (reaffirming that officials acting in discretionary capacities are generally entitled to qualified immunity unless their conduct violates clearly established law).  Therefore, qualified immunity depends on the objective reasonableness of the official's conduct.  *Harlow*, 457 U.S. at 818.  Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised.  *See Workman*, 958 F.2d at 336; *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished).

In their motion, plaintiffs offer no argument that a general stay of discovery should not apply in this case.  *See* Doc. 31.  In addition, plaintiffs' request for limited discovery pursuant to Rule 56(d) has been denied.  Doc. 35.  The Court therefore grants defendants' motion for a general stay of discovery.

IT IS THEREFORE ORDERED that Defendants' Opposed Motion for Stay (Doc. 29) is GRANTED.  All discovery in this case shall be stayed, pending resolution of Defendants' Motion for Summary Judgment on the Basis of Qualified Immunity and Other Grounds (Doc. 28), or until further order of the Court.

_____
Laura Fashing
United States Magistrate Judge